IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSIE RIGGS,** | ) | |
| **#152652,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 22-00088-KD-B** |
| | ) | |
| **REOSHA BUTLER, WARDEN** | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This action is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jessie Riggs (doc. 1). Upon review, Riggs' petition appears to be an unauthorized second or successive habeas petition. Accordingly, for the reasons set forth herein, this action is dismissed without prejudice for lack of jurisdiction.

Previously, in March 2019, Riggs filed a § 2254 petition in this Court (Riggs v. Butler, Civil Action No. 19-00152-KD-B (Doc. 1)). The Magistrate Judge entered a report and recommendation for denial of the petition (doc. 22). The report and recommendation was mailed to Riggs and was not returned to the Court as undeliverable. Riggs did not file any objections. The Court reviewed and adopted the report and recommendation, and final judgment was entered on February 22, 2022 (doc. 26, 27). The copy of the order and judgment were mailed to Riggs and were not returned to the Court as undeliverable. Riggs did not file an appeal.

The instant petition was docketed on February 24, 2022 (doc. 1). The petition was signed and dated February 17, 2022, and absent evidence to the contrary, is deemed filed on that date (doc. 1, p. 12). See Houser v. United States, 808 Fed. Appx. 969, 971 (11th Cir. 2020). Thus, the instant petition was filed before entry of final judgment on the 2019 petition.

However, in the instant petition, Riggs incorrectly answered two questions. Based on this erroneous information, the Court docketed Riggs' petition as a separate petition for writ of habeas corpus instead of a possible amendment to an existing petition. The question-and-answer section of the instant petition asked whether Riggs had "previously filed a habeas corpus petition attacking this present conviction in this or any other federal court?" (doc. 1, p. 9, ¶ 14). Riggs checked "No." (Id.) He was also asked "Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?" (Id., ¶ 15). Riggs checked "No." (Id.). Riggs did not refer to the prior 2019 habeas petition in the instant petition. As further indication that he did not acknowledge his 2019 petition, he paid the $5.00 filing fee for this petition (doc. 2).

The Court is aware of the decision in Blackmon v. Sec'y, Dep't of Corr., 803 Fed. Appx. 232 (11th Cir. 2020) wherein the Eleventh Circuit found that the district court erred when it "docketed Petition III separately from Petition II as a new habeas corpus case" while Petition II was still pending before the district court. Id. at 233. The district court entered final judgment in Petition II, and later dismissed Petition III as a second successive petition filed without authorization by the Eleventh Circuit. Blackmon appealed the dismissal. He argued that Petition III should be remanded to the district court with instructions to treat it as an amendment to Petition II. The Eleventh Circuit found that it was not possible to remand Petition III because the district court had entered a final judgment on Petition II, explaining that "the district court has entered a final judgment on Petition II, and we denied Mr. Blackmon's motion for COA as to Petition II in 2016. Petition II is now final and closed, and we no longer have any jurisdiction over that matter. If we were to remand to the district court to consider Petition III on its own

merits, this time the district court would have no choice but to construe Petition III as second or successive because Petition II is already final." Id., at 234.

Here, the Court has entered final judgment on Riggs' 2019 petition. Riggs did not file an appeal and therefore, he did not move the Eleventh Circuit for a COA on appeal (as did Blackmon). Arguably, in this procedural posture where the judgment on the 2019 petition is final, Riggs' instant petition is a second or successive habeas petition filed without first obtaining authorization to file a second or successive habeas petition from the Court of Appeal for the Eleventh Circuit.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Before presenting a second or successive petition, the moving petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition...."). Importantly, "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); see also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization of the court of appeals."). Therefore, this action is due to be dismissed without prejudice for lack of jurisdiction.

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 habeas proceeding. Rule 11(a) of the Rules Governing § 2254 Proceedings. However, a COA is not necessary when the district court

is dismissing a successive petition for lack of jurisdiction. See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

**DONE** this the 18th day of April 2023.

                                              s/Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE